IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY ROLAND,

     Petitioner,

v.                                                     CASE NO. 1:19-cv-152-AW-GRJ

SECRETARY, FLORIDA
DEPT. OF CORRECTIONS,

     Respondent.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Gregory Roland, proceeding *pro se,* initiated this case by filing a

handwritten pleading construed as a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  ECF No. 1. The Court ordered Petitioner to

re-file his petition on the Court's form and to either pay the $5.00 habeas

corpus filing fee or file a motion for leave to proceed as a pauper.  ECF No.

3.  This case is now before the Court on ECF No. 7, Petitioner's amended

petition, and ECF No. 8, a motion for leave to proceed as a pauper. The

Court finds that leave to proceed as a pauper is due to be granted.  For the

following reasons, it is respectfully recommended that the petition be

dismissed as successive.

The Petition stems from Petitioner's 2011 Levy County conviction for

tampering with or harassing a witness, in violation of Section 914.22(3)(a),

Florida Statutes, for which he received a sentence of 30 years of imprisonment.  ECF No. 7 at 1-2.  Petitioner concedes that he has previously sought federal habeas corpus relief from this same state conviction.  ECF No. 7 at 7-8; *Roland v. Sec'y,* Case Nos. 1:15-cv-267 & 262 (consolidated), ECF No. 121 (N.D. Fla. Mar. 12, 2019) (denying petition and denying a COA).  Petitioner's appeal was dismissed for lack of prosecution.  *Roland*, Case No. 1:15-cv-267, ECF No. 130.

To file a second or successive § 2254 petition challenging the same conviction, a petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007).  Absent authorization, the district court lacks jurisdiction to consider a second or successive petition.  *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

Petitioner has not demonstrated that he has obtained the requisite authorization from the Eleventh Circuit to file a successive habeas petition, nor does this Court's review of the PACER case index reflect that he has done so.

Accordingly, it is **ORDERED** that Petitioner's motion for leave to proceed as a pauper, ECF No. 8, is **GRANTED.**

It is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 5, should be **DISMISSED** for lack of jurisdiction.  The **Clerk** must send Petitioner the forms necessary to seek authorization from the Court of Appeals to file a second or successive petition.

**IN CHAMBERS** this 3rd day of December 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**